UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

INTRA-STATE AMERICA TRANSPORTATION
CORPORATION,

                                        Plaintiff,

                                                                DECISION AND ORDER

                                                                12-CV-6540L

                v.

STATE OF NEW YORK WORKERS
COMPENSATION BOARD,

                                        Defendant.

_____

        Nicholas Passero ("Passero"), the president, sole officer and sole shareholder of Intra State America Corporation (the "Corporation"), filed this *pro se* action on the Corporation's behalf against the New York State Workers' Compensation Board ("defendant") on October 5, 2012. (Dkt. #1). On October 25, 2012, defendant moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing, inter alia, that the Corporation had failed to appear by counsel (Dkt. #4). Plaintiff, a non-lawyer, now moves to represent the Corporation in lieu of counsel (Dkt. #5). For the following reasons, that motion is denied.

        It is well settled that corporations may only appear in the federal courts through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006); *Northeastern Lumber Mfg. Assoc. v. NLM Enters., Inc.*, 2009 U.S. Dist. LEXIS 37122 at *5 (W.D.N.Y. 2009). Passero contends that both he and the Corporation lack sufficient funds to retain counsel, and asks that the Court excuse the lack of licensed counsel in order to avoid injustice and hardship. However, federal courts have consistently rejected such requests, and the few cases that have granted them have been roundly

rejected by the Second Circuit Court of Appeals, and by district courts in this Circuit, as aberrant. *See e.g.*, *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 - 1310 (2d Cir. 1991); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22-23 (2d Cir. 1983); *New York State Teamsters Conf. Pension and Ret. Fund v. Comac Builders Supply Corp.*, 2008 U.S. Dist. LEXIS 2588 at *6-*17 (N.D.N.Y. 2008). In any event, plaintiff has made no evidentiary showing that the Corporation is insolvent or otherwise unable to prosecute this action through counsel. As such, the plaintiff Corporation is ordered to enter an appearance, through counsel, within thirty days of entry of this Decision and Order, or risk a default judgment dismissing its claims in their entirety.

## CONCLUSION

Passero's motion to represent the corporate plaintiff, Intra-State America Transportation Corporation (Dkt. #5) is denied. Plaintiff is ordered to enter an appearance through counsel within thirty (30) days of entry of this Decision and Order. Should plaintiff fail to do so, the Court may enter a default judgment dismissing this action.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 27, 2012.

- 2 -