UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INTRA-STATE AMERICA TRANSPORTATION
CORPORATION,

                              Plaintiff,

                                                                                           DECISION AND ORDER

                                                                                            12-CV-6540L

                              v.

STATE OF NEW YORK WORKERS
COMPENSATION BOARD,

                              Defendant.
_____

     Nicholas Passero ("Passero"), the president, sole officer and sole shareholder of plaintiff Intra State America Corporation (the "Corporation"), filed this *pro se* action on the Corporation's behalf against the New York State Workers' Compensation Board ("defendant") on October 5, 2012. (Dkt. #1). On October 25, 2012, defendant moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing, inter alia, that the Corporation had failed to appear by counsel (Dkt. #4). Plaintiff, a non-lawyer, thereafter moved to represent the Corporation in lieu of counsel (Dkt. #5). The Court denied that motion, ordered plaintiff to appear by counsel within thirty days, and granted a subsequent request by plaintiff to extend its time to appear by counsel for an additional sixty days, until March 1, 2013 (Dkt. #9, #11). Passero contends that both he and the Corporation lack sufficient funds to retain counsel, and now requests that the Court appoint counsel for the Corporation pursuant to 28 U.S.C. §1915. (Dkt. #12).

     It is well settled that corporations cannot proceed under 28 U.S.C. §1915, and plaintiff has presented no alternative basis upon which the Court could appoint counsel for a corporation. *See*

*Rowland v. California Men's Colony*, 506 U.S. 194, 199-212 (1993); *Hennings v. Buka N.Y. Corp.*, 2012 U.S. Dist. LEXIS 16462 at *1 (E.D.N.Y. 2012)

      Plaintiff has repeatedly failed to secure counsel as previously ordered, despite the Court's warning that doing so would risk a default judgment dismissing its claims in their entirety. "The appropriate action for the court to take when a . . . corporation does not appear through counsel is to enter a default judgment." *Broadcast Music, Inc. v. Metro Lounge & Café LLC*, 2012 U.S. Dist LEXIS 134689 at *16 (N.D.N.Y. 2012). Accordingly, I hereby grant a default judgment in favor of the defendant pursuant to Fed. R. Civ. Proc. 55. *See e.g., Grace v. Bank Leumi Trust Co. Of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (Rule 55 default judgment may be entered against a corporation that fails to appear through counsel); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991) (partnership's disregard for court's order to appear by counsel justifies the imposition of default). The plaintiff's claims are dismissed in their entirety, without prejudice. Defendant's pending motion to dismiss (Dkt. #4) is denied as moot.

      IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 24, 2013.